IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Travis Richardson,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No._____ |
| v. | § | |
| | § | |
| **2-Men Houston, L.L.C.** | § | |
| **d/b/a Two Men And A Truck,** | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, Travis Richardson, filing his Original Complaint complaining of Defendant, 2-Men Houston, L.L.C. d/b/a Two Men And A Truck, and in support thereof would show as follows:

## I.
## JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to (i) 42 U.S.C. §1981 and (ii) Title VII of the Civil Rights Act of 1964, as amended.

2. Travis Richardson resides in Harris County, Texas. Plaintiff is an African-American and is protected by 42 U.S.C. §1981 and Title VII. Plaintiff was at all relevant times an employee within the meaning of the applicable statutes.

3. Two Men And A Truck operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of the aforementioned applicable statutes.

4. Two Men And A Truck engaged in an industry affecting commerce and employed more than fifteen (15) regular employees.

5. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

**VICARIOUS LIABILITY--RESPONDEAT SUPERIOR**

6. Whenever in this complaint it is alleged that the Defendant Two Men And A Truck did any act or thing, it is meant that the Defendant Two Men And A Truck's supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant Two Men And A Truck or was done in the normal and routine course and scope of employment of Defendant Two Men And A Truck supervisors, agents, servants, employees, or representatives.

7. The acts of management were performed while in the employment of Defendant Two Men And A Truck, to further Defendant's business, to accomplish the objective for which said managers were hired, and within the course and scope of that employment or within the authority delegated to said employees.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff, Travis Richardson, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on or about June 7, 2016. In that Charge, No. 460-2016-03184, and any amendments and/or attachments thereto, Plaintiff Richardson asserted that Defendant discriminated against him because of his race.

9. Thereafter, Plaintiff was forced to file this suit to protect his employment rights. Plaintiff has exhausted his administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

10. Plaintiff Travis Richardson, African-American, remembers fondly the day he received the offer to work for Two Men and A Truck.

11. In or about November of 2015, Mr. Richardson began employment with Two Men and A Truck as a driver helper.[1]

12. He was in very high spirits and determined to make good for him and his family. He went to work as scheduled and worked as hard as he could. Simply put, he worked well and without incident.

13. Mr. Richardson's hard work paid off very soon thereafter. Upon information and belief, many drivers do not begin driving out of state after only three (3) months on the job. Mr. Richardson earned the trust of management and started interstate driving after working approximately three (3) months.

14. Mr. Richardson enjoyed all aspects of his job including working for a supervisor named Justin, whose last name is unknown at the time of this filing. After all, Justin (Anglo) treated employees with respect and decency. But things changed for the worse.

15. Justin was transferred. His replacement was Donald Davis (Anglo). Mr. Davis was different. Race relations under Mr. Davis were palpably poor. Mr. Davis deliberately segregated the drivers. To be sure, he worked deliberately to ensure that all the Anglo drivers

drove together, and all the African-American drivers drove together in separate vehicles. Moreover, Mr. Davis did not hide his illegal motives. He often boasted that, "We will split niggers in one truck and whites in another."

16. Mr. Richardson often heard another driver, Dallas (last name unknown) (Anglo), use the word "nigger" in the workplace. He said things like, "These niggers did not give us a tip." Mr. Richardson repeatedly told Dallas that he was offended, to no avail.

17. Mr. Davis also openly supervised, scrutinized and disciplined his staff based on their race. For instance, Mr. Davis oft-times sympathized with Dallas. Dallas repeatedly showed abject disrespect for the company, the rules, and the customers. Mr. Davis knowingly allowed Dallas to drive out of state and interact with unwitting customers while on methamphetamine highs. And, Mr. Davis knowingly allowed Dallas to remain in Two Men And A Truck's employ and interact with diverse customers despite his racially-charged beliefs.

18. One day, Mr. Davis tried to subvert company rules and make Mr. Richardson drive a load to Arkansas because Dallas blatantly ignored management instructions. Dallas was goofing off in California with the company's GPS turned off. Mr. Richardson informed Mr. Davis that there was insufficient notice provided to him and he declined the trip. Mr. Richardson thought it was a safety issue in that he was extremely tired. He had just returned from another out-of-state road trip. Instead, Mr. Richardson offered to load the truck.

19. On or about May 29, 2016, Mr. Richardson was terminated. He was told he was discharged because a customer's picture was rained on and then broken. Mr. Richardson contests such.

---

[1] Mr. Richardson does not recall the exact date he started at Two Men And A Truck.

20.     Even after his termination, Mr. Richardson continued to be taunted and demeaned because of his race at the behest and/or ratification of management.

21.     Some of the text messages Mr. Richardson received are as follows:

- *"Im going to kill you and your family you black monkey nigger."*

- *"Take your ass black nigger ass back where you came from before I lynch your ass and rape your kid and sale him to the slave master nigger."*

- *"You is a pussy ass nigger. Calling the police u little ass pussy bitch."*

- *"Watch your back you black ass nigger.  I know where you live at nigger."*

- *"Fuck you nigger. Take your monkey ass back to africa nigger. You want be laughing when I lynch your black monkey ass and rape and kill your wife nigger."*

- *"You is a dumb nigger.  You think everything is funny and game.  I bet rape your nigger bitch and child you would probably laugh.  You niggers is dumb as fuck."*

22.     Based thereon, Mr. Richardson filed terroristic threat charges.

23.     Since then, Mr. Richardson and his family have had to be on high alert.  They genuinely fear for their personal safety.

24.     The effect of the practices complained of herein have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

## IV.
## CAUSES OF ACTION

A.     <u>**RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981 And TITLE VII**</u>

25.     Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

26.     Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of 42 U.S.C. §1981 and Title VII, by intentionally interfering with Plaintiff's work performance and overall employment because of his race.

27.     This intentional interference consisted of discrimination of a continuous nature.

28.     Defendant, through its agents, supervisors, or employees discriminated against Plaintiff, which led to the loss and impairment in whole or part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

29.     The above-described acts on Defendant's part caused Plaintiff's substantial injury and damage.

## V.
## JURY DEMAND

30.     Plaintiff's request that this action be heard before a jury.

## VI.
## DAMAGES

31.     Defendant's conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects Plaintiff in his occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct

injury as a proximate result of the unlawful discriminatory practices, policies, and procedures of Defendant. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages in an amount to be proved at trial including punitive damages.

32. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent him in these causes of action Plaintiff has agreed to pay his attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

33. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve their ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages as shall be proven at trial.

34. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

  a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of race.

b.      All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c.      Compensatory damages for pain and mental suffering in the past and future;

d.      Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e.      Reasonable attorney's fees, with conditional awards in the event of appeal;

f.      Pre-judgment interest at the highest rate permitted by law;

g.      Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.      Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i.      Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,
Law Offices of Katrina Patrick

*/s/ Katrina Patrick*

_____

**Katrina Patrick**
Attorney-in-Charge
State Bar No. 00797218
Federal Bar No. 22038
6575 West Loop South, #500
Bellaire, Texas 77401
Telephone: (713) 796-8218
Facsimile: (281)399-5537


**ATTORNEY FOR PLAINTIFF**
Travis Richardson